1819.

The Gene-
ral Smith.

(INSTANCE COURT.)

## The GENERAL SMITH—HOLLINS *et al.* Claimants.

The admiralty possesses a general jurisdiction in cases of suits by material men, *in personam,* and *in rem.*

Where, however, the proceeding is *in rem* to enforce a specific lien, it is incumbent upon the party to establish the existence of such lien in the particular case.

Where repairs have been made, or necessaries furnished to a foreign ship, or to a ship in a port of the State to which she does not belong, the general maritime law gives the party a lien on the ship itself for his security, and he may maintain a suit *in rem,* in the admiralty, to enforce his right.

But, as to repairs and necessaries in the port or State to which the ship belongs, the case is governed altogether by the local law; and no lien is implied unless by that law.

By the common law, material men furnishing repairs to a domestic ship, have no particular lien upon the ship itself for their demand.

A shipwright who has taken a ship into his possession to repair it, is not bound to part with the possession until he is paid for the repairs. But if he parts with the possession (of a domestic ship,) or has worked upon it without taking possession, he has no claim upon the ship itself.

The common law being the law of Maryland, on this subject, it was held, that material men could not maintain a suit *in rem* in the District Court of Maryland, for supplies furnished to a domestic ship, although they might have maintained a suit *in personam* in that Court.

APPEAL from the Circuit Court of Maryland.

This was a libel filed on the 4th day of October, 1816, in the District Court of Maryland, setting forth that James Ramsey, the libellant, had supplied and furnished for the use, accommodation, and equipment of the ship General Smith, at Baltimore, in the dis-

trict of Maryland, to equip and prepare her for a voyage on the high seas, various articles of cordage, ship chandlery, and stores, amounting in the whole to the value of 4,599 dollars, and 75 cents, for no part of which he had received any compensation, payment, or security. That the said ship was then owned by a certain George Stevenson, to whom he had applied for payment of said materials furnished, but without effect. And praying the usual process against the ship, and that she should be sold under the decree of the Court, to pay and satisfy the libellant his claim.

A claim was given for the ship by John Hollins and James W. M'Culloch, merchants, of Baltimore.

On the hearing of the cause in the Court below, it was proved, or admitted by the parties, that the ship was an American ship, and formerly was the property of George P. Stevenson, a merchant of Baltimore, and a citizen of the United States; and that whilst the ship so belonged to Stevenson, the libellant, a ship chandler of Baltimore, furnished for her use various articles of ship chandlery to equip and furnish her, it being her first equipment to perform a voyage to a foreign country, to wit, to Rotterdam and Liverpool, and back to Baltimore. That Stevenson was also the owner of several other vessels, for which the libellant from time to time furnished articles for their equipment for foreign voyages, and that payments were made by Stevenson to the libellant, at different times, on their general account, without application to any particular part of the account. That the ship soon afterwards sailed, &c. That the ship departed

1819.

The Gene-
ral Smith.

from Baltimore, on the voyage, without any express assent or permission of the libellant, and also, without objection being made on his part, and without his having attempted to detain her, or enforce any lien which he had against her for the articles furnished. That the ship continued to be the property of said Stevenson, during the said voyage, and after her return, and was not sold or disposed of in any way by him, until the 3d day of October, 1816, when finding himself embarrassed in his pecuniary affairs, and obliged to stop payment, he executed an assignment to the claimants of his property, including the ship General Smith, in trust for the payment of all bonds for duties due by said Stevenson to the United States, and for the payment and satisfaction of his other creditors, &c.

Another libel was filed on the 11th of November, 1816, against the same ship, by Rebecca Cockrill, administratrix of Thomas Cockrill, deceased, alleging that the said Thomas, in his life time, at Baltimore, in the said district, did furnish a large amount of iron materials, and bestow much labour and trouble by himself, and those hired and employed by him, in working up and preparing certain iron materials for building and preparing the said ship for navigating the high seas, all which materials, and work and labour, were in fact applied and used in the construction and fitting said ship, according to a bill of particulars annexed. That the libellant has been informed, and believes, that said ship is owned and claimed by various persons in certain proportions, but in what proportions, and who are the several owners,

she does not know, and cannot, therefore, state. That neither the said Thomas in his life time, nor the libellant, since his decease, have ever received any part of said account, or any security or satisfaction for the same. Concluding with the usual prayer for process, &c.

A claim was given for the same parties, and at the hearing, the same proofs and admissions were made as in the suit of James Ramsey; except that it did not appear, that Thomas Cockrill had furnished any other vessels belonging to Stevenson with materials, or that any payments on account had been made by said Stevenson to said Cockrill, or to the libellant as his administratrix.

The District Court ordered the ship to be sold, and decreed, that the libellants should be paid out of the proceeds the amount of their demands for materials furnished. In the Circuit Court this decree was affirmed, *pro forma*, by consent, and the cause was brought by appeal to this Court.

Mr. *Pinkney*, for the appellants and claimants, admitted the general jurisdiction of the District Court, as an Instance Court of Admiralty, over suits by material men *in personam* and *in rem*, and over other maritime contracts; but denied that a suit *in rem* could be maintained in the present case, because the parties had no specific lien upon the ship for supplies furnished in the port to which she belonged. In the case of materials furnished or repairs done to a foreign ship, the maritime law has given such a lien, which may be enforced by a suit in the Admi-

1819.

The Gene-
ral Smith.

ralty.   But in the case of a domestic ship, it was long since settled by the most solemn adjudications of the common law, (which is the law of Maryland on this subject,) that mechanics have no lien upon the ship itself for their demands, but must look to the personal security of the owner.[a]   Had this been a suit *in personam*, in the Admiralty, there would have been no doubt that the District Court would have had jurisdiction: but there being, by the local law, no specific lien to be enforced, there could be no ground to maintain a suit *in rem*.

Mr. *Winder*, contra, insisted, that the question of jurisdiction and lien were intimately and inseparably connected.   In England, the lien has been denied to attach, in the case of domestic ships, because the Courts of common law, in their unreasonable jealousy of the Admiralty jurisdiction, would not permit the only Court, which could enforce the lien, to take cognizance of it.   Consequently, the lien has been lost with the jurisdiction.   But the universal maritime law, as administered in the European Courts of Admiralty, recognizes the lien in the case of a domestic as well as a foreign ship:[b] and commercial policy demands that it should be enforced in both cases.

a  *Abbott on Ship.* p. 2. c. 3. s. 9—13. and the cases there cited.   Woodruff *et al.* v. The Levi Dearborne, 4 *Hall's Am. Law. Jour*. 97.

b  Stevens v. The Sandwich, 1 *Peter's Adm. Dec.* 233. note. De Lovio v. Boit, 2 *Gallis*. 400. 468. 475.

Mr. Justice STORY, delivered the opinion of the Court.

No doubt is entertained by this Court, that the Admiralty rightfully possesses a general jurisdiction in cases of material men; and if this had been a suit *in personam*, there would not have been any hesitation in sustaining the jurisdiction of the District Court. Where, however, the proceeding is *in rem* to enforce a specific lien, it is incumbent upon those who seek the aid of the Court, to establish the existence of such lien in the particular case. Where repairs have been made, or necessaries have been furnished to a foreign ship, or to a ship in a port of the State to which she does not belong, the general maritime law, following the civil law, gives the party a lien on the ship itself for his security; and he may well maintain a suit *in rem* in the Admiralty to enforce his right. But in respect to repairs and necessaries in the port or State to which the ship belongs, the case is governed altogether by the municipal law of that State; and no lien is implied, unless it is recognised by that law. Now, it has been long settled, whether originally upon the soundest principles it is now too late to inquire, that by the common law, which is the law of Maryland, material men and mechanics furnishing repairs to a domestic ship, have no particular lien upon the ship itself for the recovery of their demands. A shipwright, indeed, who has taken a ship into his own possession to repair it, is not bound to part with the possession until he is paid for the repairs, any more than any other artificer. But if he has once parted with the posses-

sion, or has worked upon it without taking posses-
sion, he is not deemed a privileged creditor, having
any claim upon the ship itself.

Without, therefore, entering into a discussion of
the particular circumstances of this case, we are of
opinion, that here there was not, by the principies of
law, any lien upon the ship; and, consequently, the
decree of the Circuit Court must be reversed.

Decree reversed.[a]

a *Vide Ante, vol.* 1. *p.* 96. 103, The Aurora, in which
case a lien of material men on *foreign* ships, was recognized
by this Court. The common law is the municipal law of most
of the States, as to supplies furnished to *domestic* ships : But
the legislature of New-York has, by statute, given a lien to
shipwrights, material men, and suppliers of ships, for the
amount of their debts, whether the ships are owned within
the State or not. Acts of 22d sess. c. 1., and 40th sess. c. 59.
This lien, existing by the local law, may consequently be en-
forced, upon the principle of the above case in the text, by a
suit *in rem* in the Admiralty.